UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITEK SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION,<br><br>　　　　Defendant. | Case No. 19-cv-07223-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING**<br><br>Docket No. 19 |

Plaintiff Mitek Systems, Inc. seeks a declaration that it does not infringe four patents (the '779, '517, '090, and '571 patents) held by Defendant United States Automobile Association ("USAA"). Currently pending before the Court is USAA's motion to dismiss for lack of subject matter jurisdiction – more specifically, on the basis that there is no case or controversy between the parties. In the alternative, USAA asks that the Court transfer the instant case to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). Having considered the parties' briefs and accompanying submissions, the Court hereby orders the parties to provide supplemental briefing on the issue discussed below. **The supplemental briefs shall be filed within one week of the date of this order.**

Assuming that there is subject matter jurisdiction, and that the Court does not decline to exercise jurisdiction over the declaratory judgment claims, Mitek has the burden of establishing that the Northern District of California is a proper venue for the instant action. If venue is not proper in this District, transfer would be appropriate under 28 U.S.C. § 1406(a); § 1404(a) would be moot.

Mitek seems to assert that venue in this District is proper under 28 U.S.C. § 1391(b)(2) – *i.e.*, because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). Both parties have suggested that the events "giving rise to the claim" are the actions that USAA took or has taken to enforce its patents. But what actions USAA took or has taken to enforce its patents is relevant to whether there is a case or controversy. The actual declaratory judgment claim is a claim that Mitek does not infringe the patents at issue. That is the basis for venue. "For declaratory judgment actions in [a] patent infringement case, section 1391(b)(2) refers to the district *where the allegedly infringing actions took place*," *Dex Prods. v. Houghteling*, No. C 05-05126 SI, 2006 U.S. Dist. LEXIS 45237, at *7 (N.D. Cal. June 23, 2006) (emphasis added)[1] – or possibly where the patent is held. *See Modern Comput. Corp. v. Ma*, 862 F. Supp. 938, 947 (E.D.N.Y. 1994) (stating that "[i]t is well-established that in a declaratory judgment action for non-infringement and invalidation of a patent, a cease and desist letter cannot form the basis for venue under section 1391 on the grounds that the sending of the letter constitutes 'a substantial part of the events giving rise to the claim'[;] [i]n such cases, the transaction at issue is the granting of the copyright or patent, and the source of the cause of action for noninfringement is the ownership and existence of the copyright or patent, not the sending of the cease and desist letter").

---

[1] *Dex* did rely on a Ninth Circuit case, and not a Federal Circuit case, for the above proposition. *See Dex*, 2006 U.S. Dist. LEXIS 45237, at *23 (citing *U.S. Alum. Corp. v. Kawneer Co., Inc.*, 694 F.2d 193, 195 (9th Cir. 1982)); *U.S. Alum.*, 694 F.2d at 195 (stating that "[§] 1391(b) provides in essence, venue is proper in the district where all defendants reside or in which the claim [for declaratory judgment of noninfringement] arose[;] [h]ere, because the conduct in dispute is the shipment of Aluminum's mullions and their installation by Glass and Metal Erectors in Atlanta, venue does exist in the Northern District of Georgia"). But the principle is still sound. *See also Jeffers Handbell Supply, Inc. v. Schulmerich Bells, LLC*, No. 0:16-cv-03918-JMC, 2017 U.S. Dist. LEXIS 132084, at *24-25 (D.S.C. Aug. 18, 2017) (stating that, "[i]n determining whether venue is appropriate in a declaratory judgment action alleging non-infringement of a patent, courts have concluded that a substantial part of the events or omissions giving rise to such an action occurs where the acts that would give rise to a potential claim of patent infringement occurred"); *Election Sys. & Software v. Avante Int'l Tech. Corp.*, No. 8:07CV375, 2008 U.S. Dist. LEXIS 27963, at *8 (D. Neb. Apr. 7, 2008) (stating that "venue for this action is proper in Nebraska" because "a substantial part of the events or omissions giving rise to the claim occurred in Nebraska, e.g., [the alleged infringer's] design and manufacture of the DS200 product"); *cf. Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 295 (3d Cir. 1994) (stating that, "[i]n assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute").

The Federal Circuit case that the parties cite, *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324 (Fed. Cir. 2008), does not appear to be on point because that case was addressing personal jurisdiction, and not venue under § 1391(b)(2). *See id.* at 1336 (stating that, "if the defendant patentee purposefully directs activities at the forum which relate in some material way to the enforcement or the defense of the patent, those activities may suffice to support specific jurisdiction").

Accordingly, the Court orders the parties to file supplemental briefs as to whether this District is a proper venue under § 1391(b)(2). As the complaint focuses primarily on whether Mitek has engaged in *indirect* infringement (*i.e.*, committed contributory infringement or induced infringement with respect to its customers), the parties shall discuss where an (alleged) indirect infringement substantially takes place, particularly in the context where the accused party has multiple customers (through which indirect infringement is alleged) located in more than one district. The parties shall also address where the alleged *direct* infringement substantially takes place.

**IT IS SO ORDERED**.

Dated: March 25, 2020

_____
EDWARD M. CHEN
United States District Judge