IRELL & MANELLA LLP
Jason G. Sheasby (205455)
Lisa S. Glasser (223406)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
jsheasby@irell.com
lglasser@irell.com

Attorneys for Defendant
UNITED SERVICES AUTOMOBILE ASSOCIATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MITEK SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED SERVICES AUTOMOBILE ASSOCIATION, <br><br> Defendant. | Case No. 3:19-cv-07223-EMC <br><br> **DEFENDANT UNITED SERVICES AUTOMOBILE ASSOCIATION'S SUPPLEMENTAL BRIEF RESPONDING TO THE COURT'S APRIL 2 ORDER (DKT. 40)** <br><br> The Honorable Edward M. Chen <br><br> Hearing Date: TBD <br> Time: TBD |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC

Pursuant to the Court's Order dated April 2, 2020 (Dkt. 40), Defendant United Services Automobile Association ("USAA") hereby submits this supplemental brief addressing: (1) whether Mitek could have filed this lawsuit in the Southern District of California; and (2) whether it should be transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a).

If the Court denies the motion to dismiss, Mitek could have laid proper venue in the Southern District of California. Instead, Mitek engaged in blatant forum shopping by attempting to bring this case in the Northern District of California, which has no meaningful connection to this dispute. Mitek is a serial forum shopper that uses venue as a ligation tactic. In 2012, USAA sued Mitek for trade secret theft in the Western District of Texas. Mitek then reactively brought suit in Delaware, which was transferred back to the Western District. And nearly two years ago, when USAA sued Wells Fargo (Mitek's self-professed largest customer) in the Eastern District of Texas, Wells Fargo never sought transfer to Mitek's home district and Mitek assisted Wells Fargo. It was not until it read the tea leaves during the trial that Mitek chose to forum shop in this district.

Conversely, USAA has consistently expressed its strong private interest in litigating in Texas, where USAA is located, where the same patents are already being litigated, and where the USAA witnesses reside. As a result, if the case is not dismissed, it should be transferred pursuant to § 1404(a) to the Eastern District of Texas (the location of USAA's Chief Design and Technology Center since approximately 2013 and the district handling ongoing litigation regarding infringement of these exact patents), or the Western District of Texas (USAA's headquarters), both of which are proper venues. Any other result simply incentivizes the waste of judicial resources by rewarding aggressive litigants who attempt to forum shop by making the consequence no worse than transfer to their home forum.

### I. MITEK COULD HAVE FILED ANY COGNIZABLE CLAIMS IN THE SOUTHERN DISTRICT OF CALIFORNIA BUT CHOSE NOT TO DO SO

Mitek could have pled a basis for venue in the Southern District of California, Mitek's headquarters. Dkt. 1 (Compl.), ¶ 3 ("Plaintiff Mitek is a Delaware corporation, having its international headquarters and principal place of business at 660 B Street, Suite 100, San Diego, CA 92101"). Courts have held that the location of manufacture of the instrumentality at issue can

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

- 1 -

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC

establish venue under § 1391(b)(2). *See, e.g., Election Sys. & Software, Inc. v. Avante Int'l Tech. Corp.*, 2008 WL 943338, at *3 (D. Neb. Apr. 7, 2008) (finding venue proper under § 1391(b)(2) based on the plaintiff's "design and manufacture of the DS200 product" in Nebraska, and then transferring the case pursuant to § 1404 to the district where a related action was already pending).

## II.     MITEK'S IMPROPER FORUM SHOPPING

Mitek strategically chose instead to file in the Northern District of California. As noted in USAA's opening brief, reply brief, and supplemental brief, the facts of record establish that there is no meaningful connection between this district and this case. Dkts. 19, 25-4, 39.

As evidence of the extreme nature of Mitek's forum shopping, Mitek's April 1, 2020 supplemental brief attempts for the first time to find a hook to this district by alleging that "an allegedly infringing sale" to "Ensenta" occurred in this district. Dkt. 38 at 3. This lawyer argument has no connection to the record. To the contrary, in opposition to USAA's motion to dismiss or transfer, Mitek's CEO presented a studiously ambiguous declaration stating only that Mitek "partners with other financial services companies" like Ensenta, to "integrate MiSnap™" into various financial institutions' mobile deposit products. Dkt. 24-1 at ¶ 7. Nowhere did Mr. Carnecchia allege that Mitek has ever made an infringing sale to Ensenta or that Ensenta is engaged in any allegedly infringing activity. *See id*. Even now, Mitek does not identify what, if anything, Ensenta is doing that allegedly infringes, much less that allege that Mitek reasonably anticipates claims from USAA based on Ensenta's activities. Notably, Mitek also does not contend that USAA has had any communication with it or Ensenta relating to the patents-in-suit.

One reason that Mitek's CEO never states that an infringing sale to Ensenta occurred in the Northern District of California is because it would contradict the sworn testimony of its corporate representative under oath at the USAA-Wells Fargo trial. The patents-in-suit cover ***systems*** for deposit, and Mitek's corporate representative repeatedly told the jury that its MiSnap software libraries are simply one component that could be used and customized by a bank to ultimately build a system. Moreover, at trial, Mitek emphasized that its libraries can operate in different modes, including a mode that does not involve auto-capture at all. Dkt. 19-2, Ex. 1 (11-4-19 Trial

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

- 2 -

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC

Testimony) (Wood) at 75:25-76:12 ("Q: Is Line 2357 unique to auto capture? A. No, it's not."); *id*. at 65:20-66:20 (implementation of Mitek products is "up to the banks or the user to decide").

### III. THIS COURT SHOULD NOT REWARD MITEK'S FORUM SHOPPING

Mitek's forum shopping should not be rewarded. If this action is not dismissed for lack of subject matter jurisdiction, it should be transferred to the Eastern or Western Districts of Texas pursuant to 28 U.S.C. § 1404. Both the Eastern District of Texas and the Western District of Texas satisfy the standard for § 1391(b), and either would be a far more appropriate venue.

Venue is proper in the Eastern District of Texas including because USAA "resides" in that district. USAA maintains its Chief Technology and Design Center in Plano, Texas (located in the Eastern District) and employs over 800 USAA employees there. Dkt. 26-1, ¶ 5-6. Because USAA "actually conducts business and maintains offices" in the Eastern District of Texas, venue is therefore proper pursuant to § 1391(b)(1). *Flynn v. Informatica, LLC*, 2020 WL 60227, at *1 (N.D. Cal. Jan. 6, 2020). Moreover, the acts giving rise to this declaratory judgment suit primarily occurred in the Eastern District of Texas. In its complaint, Mitek relies heavily on the USAA-Wells Fargo litigation, where Wells Fargo was adjudicated a direct infringer, as the purported basis for suit. Dkt. 1, ¶¶ 11-12, 30-34. Both USAA-Wells Fargo cases (one involving the exact patents-in-suit here, and the other involving related patents) have been litigated exclusively, and extensively, in the Eastern District of Texas, and remain ongoing. *See* Dkt. 19-3 at Dkt. Nos. 344-348.

The Northern District of California has recognized that prior litigation enforcing the patents-in-suit can constitute a "substantial part of the events or omissions giving rise to the claim" in a declaratory judgment action. 28 U.S.C. § 1391(b)(2). For example, in *Amazon.com, Inc. v. Straight Path IP Grp., Inc.*, the court granted the defendant's motion to transfer, finding that the declaratory judgment complaint "ar[ose] from the patent infringement action in the Eastern District of Virginia, in which Straight Path accused Amazon's customers, LGE and VIZIO, of patent infringement on all the same issues as in this case." 2015 WL 3486494, at *6 (N.D. Cal. May 28, 2015).

Venue is also proper in the Western District of Texas. USAA is headquartered and has its principal place of business in San Antonio, Texas, in the Western District, and is therefore subject

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

- 3 -

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC

to the court's personal jurisdiction there. Compl., ¶ 4; 28 U.S.C. § 1391(b)(1); *Gresser v. Wells Fargo Bank*, 2012 WL 1094338, at *3 (N.D. Cal. March 29, 2012). Moreover, venue is proper in the Western District of Texas under § 1391(b)(2) because the subject matter of this litigation, that is, the patents-in-suit, were developed in the Western District of Texas, by inventors who reside in that district. Dkt. 1, Exs. C-F; *see Modern Comp. Corp. v. Ma*, 862 F. Supp. 938, 947 (E.D. N.Y. 1994) ("[I]n a declaratory judgment action for non-infringement . . . the transaction at issue is the granting of the copyright or patent, and the source of the cause of action for non-infringement is the ownership and the existence of the copyright or patent[.]"); *Database Am., Inc. v. Bellsouth Advert. & Pub. Corp.*, 825 F. Supp. 1216, 1225 (D.N.J. 1993) (quoting *Int'l Comms, Inc. v. Rates Tech., Inc.*, 694 F. Supp. 1347 (E.D. Wis. 1988) ("However, the real source of plaintiff's cause of action is not the correspondence received, but the existence and ownership of the patent."). Because the existence and USAA's ownership of the patents-in-suit have a substantial connection to the Western District of Texas, venue is proper there as well pursuant to § 1391(b)(2).

The private and public interest factors make clear that this suit is not appropriately venued in the Northern District. The question is the weight to be given to the private interests of Mitek and USAA in the transfer analysis. On this point, the law of the Northern District of California is settled: having made the decision to forum shop, it is USAA's private interest that properly takes precedence. *See, e.g., Foster v. Nationwide Mut. Ins. Co.* 2007 WL 4410408, at *2 (N.D. Cal. Dec. 14, 2007) (granting motion to transfer, finding that "[w]here forum-shopping is evident, [ ] courts should disregard plaintiff's choice of forum"); *Doe v. Epic Games, Inc*., 2020 WL 376573, at *8 (N.D. Cal. Jan. 23, 2020) (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("A plaintiff's choice of forum receives only minimal deference if the operative facts did not occur within the forum and the forum has no interest in the parties or the subject matter."). Here, the history of Mitek's forum shopping, Mitek's consistent disinterest in litigating in its home forum, and USAA's consistent position that disputes between the parties should be litigated in USAA's home forums in Texas, weighs heavily in favor of transfer to Texas over the Southern District of California.

***First***, in 2012, USAA filed suit against Mitek for trade secret theft in the Western District of Texas (USAA's headquarters). *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, No. 5:12-cv-00282-

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

- 4 -

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC

FB (W.D. Tex. March 29, 2012). Mitek then attempted to forum shop by filing suit against USAA for patent infringement in the District of Delaware, but the District of Delaware rejected Mitek's tactic and transferred the case to the Western District of Texas. *Mitek Sys. Inc. v. United Servs. Auto. Ass'n.*, No. 1:12-00462 GMS, 2012 WL 3777423, at *9 (D. Del. Aug. 30, 2012). As part of this ruling, the Chief Judge Sleet noted that "USAA first filed a suit relating to the same subject matter as this action in Texas, where it maintains its principal place of business" and that "[d]espite the plaintiff's [Mitek's] choice of forum [in Delaware, which is not its principal place of business], the private interest factors, taken together, weigh overwhelmingly in favor of transfer." *Id*. at *5, *8.

As part of its venue shopping tactic in that case, Mitek argued that there was little weight given to the location of documents held by an accused infringer because of modern discovery tools, further emphasizing that Mitek's private interest is not impacted by the location in which it litigates. *Id*. at *6 ("Mitek counters that this particular convenience factor is outdated given the ease with which documents can be stored and transmitted today. [ ] Indeed, courts have recognized this truth and accordingly given this factor little weight.").

*Second*, in 2018, USAA sued Wells Fargo for patent infringement in the Eastern District of Texas, where, since approximately 2013, its Chief Design and Technology Center is located. *See United Servs. Auto. A'ssn., v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00245 (E.D. Tex. June 7, 2018); Dkt 26-1, ¶ 6. The instant suit was filed in November 2019. Dkt. 1. Although Mitek's complaint identifies USAA's allegations of infringement against Wells Fargo as the predicate for jurisdiction, Wells Fargo did not contest that venue was proper in Texas. Nor did Mitek attempt to file a contemporaneous declaratory judgment suit in its home forum. Instead, after observing and participating in the jury trial in Texas, just days before verdict (apparently reading the tea leaves), Mitek sought to forum shop by filing this suit in the Northern District of California.

## IV. THE 28 U.S.C. § 1404 FACTORS FAVOR TRANSFER TO TEXAS

The public and private interest factors weigh in favor of transfer to the Eastern District of Texas (the location of USAA's Chief Technology and Design Center and where the patents-in-suit are currently being litigated) or, alternatively, the Western District of Texas (USAA's headquarters).

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

- 5 -

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC

The convenience of the parties and the witnesses weighs strongly in favor of transfer to the Eastern or Western Districts of Texas. USAA has consistently expressed a good faith desire to litigate where its facilities, technology, and employees are located. Since 2013 USAA's Chief Design and Technology Center has been located in the Eastern District of Texas, the venue where it brought suit against Wells Fargo based on the same patents-in-suit. *See United Servs. Auto. A'ssn., v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00245 (E.D. Tex. June 7, 2018). The Western District of Texas is USAA's headquarters, and where USAA has previously filed suit against Mitek for trade secret theft and breach of contract. *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, No. 5:12-cv-00282-FB (W.D. Tex. March 29, 2012). The convenience of the parties and witnesses thus weighs heavily in favor of transferring this case to Texas, particularly given Mitek's current and historical indifference to litigating in its own home district. Further, the retired USAA employee-inventors, who are third parties, all reside in Texas. *See* Dkt. 1, Exs. C-F. Mitek has suggested that the locations of non-party Wells Fargo witnesses weigh against transfer; however, these witnesses have demonstrated their willingness to travel to Texas for the two recent USAA-Wells Fargo trials.

The judicial economy and interests of justice factors overwhelmingly favor transfer to the Eastern District of Texas. Courts frequently transfer cases pursuant to § 1404(a) to a court deeply familiar with the relevant subject matter because it promotes judicial economy and avoids inconsistency. *See Bristol-Myers Squibb Co, v. Genentech,*, 2013 WL 3829599, at *4-5 (N.D. Cal. July 23, 2013) (granting motion to transfer declaratory judgment action to district where Court had previously presided over family of patents related to the instant suit); *Cisco Sys. v. TiVo, Inc.,* 2012 WL 3279532, at *6 (N.D. Cal. Aug. 10, 2012) (transfer to jurisdiction already familiar with the relevant technology would further the "efficient and expeditious administration of justice"). The Eastern District of Texas is deeply familiar with the relevant technology, having construed the patents-in-suit, decided numerous dispositive motions, ruled on subject matter eligibility, and presided over two jury trials. *See, e.g. Sybase, Inc. v. Vertica Sys., Inc.*, 2010 WL 1689956, at *1 (N.D. Cal. Apr. 23, 2010) (finding that instant suit was "merely round two" of litigation already pending in Eastern District of Texas, and granting motion to transfer in part because the Judge in that district "ha[d] become very familiar with the related patent"); *Sorensen v. Phillips Plastics*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

- 6 -

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC

*Corp.*, 2008 WL 4532556, at *5 (N.D. Cal. Oct. 9, 2008) (granting motion to transfer to "avoid[] unnecessary duplication of activity and the possibility of inconsistent adjudications"). Particularly in patent litigation, "in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues." *Cisco Sys.*, 2012 WL 3279532, at *6.

Additionally, the local interest in the controversy is strongest in the Texas forums, where USAA is headquartered and operates as a major employer and fixture in the community (the Western District of Texas), or where USAA maintains its Chief Technology Center employing 800 individuals and which has already venued two related trials (the Eastern District of Texas). The Southern District of California's interest is limited to the presence of Mitek headquarters. *See Plexxikon Inc. v. Novartis,* 2017 WL 6389674, at *3 (N.D. Cal. Dec. 7, 2017) (holding that the local interest factor weighed in favor of litigating case in the district where the patents-in-suit were designed and developed).

The familiarity of each court with the governing law, the feasibility of consolidation, and the relative court congestion and time to trial also all weigh in favor of transfer to Texas. Neither this district nor the Southern District of California has any experience with the patents-in-suit. Presiding over this case would require "starting from scratch" with respect to patents that have already been fully construed and findings that have already been made by the Texas court and the jury. *In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010) ("[H]aving the same magistrate judge handle this and the co-pending case involving the same patent would be more efficient than requiring another magistrate or trial judge to start from scratch.")

In summary, consideration of the judicial economy and interests of justice provide a compelling basis (if the complaint is not simply dismissed, as USAA contends it should be) to transfer this suit to the Eastern District of Texas or, alternatively, to the Western District of Texas.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

- 7 -

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC

Dated: April 9, 2020

Respectfully submitted,

IRELL & MANELLA LLP

By: *Lisa S. Glasser*
    Lisa S. Glasser
    Attorneys for Defendant
    UNITED SERVICES AUTOMOBILE ASSOCIATION

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

10823358

- 8 -

DEFENDANT USAA'S SUPPLEMENTAL BRIEF
RESPONDING TO THE COURT'S APRIL 2 ORDER
Case No. 3:19-cv-07223-EMC